UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JAMES GOOSLIN,

    Petitioner,

v.

MICHAEL SEPANAK, *Warden*,

    Respondent.

Civil Action No. 0:11-00108-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

James Gooslin, currently confined in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, [D. E. No. 2].[1] As Gooslin has paid the $5.00 filing fee, the Court screens his § 2241 petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

---

[1] When Gooslin filed this § 2241 petition, J.C. Holland was the Warden of FCI-Ashland. As Michael Sepanek is now the Warden of FCI-Ashland, he will be substituted as the Respondent to this proceeding in place of Holland.

[2] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton v. Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir.

Because Gooslin has not demonstrated that his remedy in the federal court where he was convicted was an inadequate or ineffective means of challenging his conviction and sentence, or that other grounds exist entitling him to relief under § 2241, his petition will be denied, and this action will be dismissed.

## LITIGATION HISTORY

On October 5, 2006, a federal jury in West Virginia convicted Gooslin of engaging in a conspiracy to distribute 10 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, three counts of distribution of cocaine, and two counts of possession of cocaine with intent to distribute. *United States v. James Gooslin*, No. 2:05-CR-00180 (S.D. W. Va.) ("the Trial Court").

On January 27, 2007, the Trial Court sentenced Gooslin to a 188- month prison term, followed by a five year term of supervised release. In a separate proceeding, Gooslin was also ordered to forfeit the amount of $154,000.00. Gooslin's attorney filed a timely Notice of Appeal of the Criminal Judgment, but the appeal was later voluntarily dismissed.

On January 2, 2008, Gooslin filed a motion in the Trial Court to vacate his sentence under 28 U.S.C. § 2255, alleging that for numerous reasons, his trial counsel

---

1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

2

had rendered ineffective assistance.[3] After addressing the merits of each of Gooslin's Sixth Amendment claims and finding that none of them warranted relief from his conviction and sentence, the Trial Court entered a Memorandum Opinion and Order denying Gooslin's §2255 motion. *Gooslin v. United States*, No. 2:05-CR-00180; No. 2:08-CV-0001, 2009 WL 1773173 (S.D. W. Va., June 19, 2009).

Gooslin appealed, but the Fourth Circuit affirmed the Order denying Gooslin's § 2255 motion. The Fourth Circuit stated that Gooslin had not demonstrated that the Trial Court had made a decision or a dispositive procedural ruling which "reasonable jurists" would consider to be "debatable or wrong." *United States v. Gooslin*, 377 F. App'x. 289, 290 (4th Cir. 2010).

## CLAIMS ASSERTED IN THE § 2241 PETITION

Gooslin alleges that during his federal criminal trial he was denied due process of law in violation of the Fifth Amendment of the United States Constitution, when: (1) federal investigators fabricated evidence against him and coerced him to sign an

---

[3] Specifically, Goslin alleged that his trial counsel rendered ineffective assistance by: (1) failing to file a motion to suppress seized evidence (drugs) seized from co-defendant; (2) failing to investigate and effectively cross-examine two prosecution witnesses; (3) failing to file a motion to suppress Gooslin's statement to a law enforcement officer; (4) failing to investigate and present to the jury evidence of Gooslin's mental competency/mental health conditions; (5) failing to investigate and present to the jury evidence of Gooslin's neighborhood; (6) failing to show the jury a lease receipt signed by a co-defendant; (7) failing to inform the jury that the United States seized Gooslin's guns and sold them, and then tried to add four or five years to his sentence; and (8) failing to take various actions to properly represent him at trial, such as making the proper objections.

3

inculpatory statement knowing that he could not read or write and that he suffered from a mental illness; (2) the federal prosecutors failed to provide him with discovery material prior to trial; (3) the Trial Court allowed a juror, who was in the same exercise class with the prosecutor and thus had a *per se* bias in favor of the government, to remain on the jury; and (4) the Trial Court entered an *in limine* Order prohibiting the jury from hearing evidence about his mental retardation and other psychological problems.

Gooslin further contends that his trial counsel rendered ineffective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution, by failing to introduce to the jury evidence showing that he was incompetent to stand trial because of his mental retardation and/or psychological problems.

## DISCUSSION

### 1. Gooslin's 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

4

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

In his § 2241 petition, Gooslin claims for the first time that investigating law enforcement officers violated his right to due process of law by fabricating evidence against him and by coercing him to sign an incriminating statement knowing that he was illiterate and that he suffered from a mental illness or mental limitations; that the federal prosecutor failed to comply with an Order directing that Gooslin be provided with discovery material prior to trial; and that Trial Court violated his Fifth Amendment right to due process of law by not striking an allegedly biased juror from the jury and by improperly suppressing evidence and testimony confirming his mental retardation and psychological problems claims. Gooslin did not, however, assert *any* of those claims in his § 2255 motion, but instead raised only numerous Sixth

5

Amendment claims alleging ineffective assistance of counsel.

The remedy under § 2255 is not rendered "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d 756-758. The remedy provided under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id.* at 758. Gooslin's failure to raise these various Fifth Amendment claims in his § 2255 motion precludes him from asserting it anew in this § 2241 petition.

Gooslin now asserts one of the eleven Sixth Amendment ineffective assistance of counsel claims that he unsuccessfully asserted in his § 2255 motion, *i.e.*, that his trial counsel failed to introduce evidence to the jury showing that he was incompetent to stand trial because of his mental retardation and/or psychological problems. The Trial Court rejected that claim after carefully recounting the trial testimony and the various motions and objections which Gooslin's trial counsel had made on the record on the issue of Gooslin's mental capacity.

The Trial Court concluded that Gooslin had not been not denied effective assistance of counsel with respect to his mental condition, noting that his counsel had taken various steps to insure that Gooslin's complete mental health treatment history was provided to the forensic psychologist; had made a good faith effort to present

evidence of Gooslin's mental health history to the jury; that the Trial Court had denied counsel's motions to introduce evidence of Gooslin's mental condition; and that the evidence of Gooslin's mental condition was irrelevant to the charges. *Gooslin*, 2009 WL 1773173 at *12.

Thus, the Sixth Amendment claim which Gooslin asserts in his § 2241 petition is a simply re-hash of the same claim which he previously, and unsuccessfully, asserted in his § 2255 motion. The fact that the Trial Court rejected that same claim when it denied Gooslin' § 2255 motion, and the fact that the Fourth Circuit affirmed, does not entitle Gooslin to the extraordinary relief under § 2241. The remedy provided under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, *Charles*, 180 F.3d at 758, and it is not rendered "inadequate and ineffective" where the prisoner presented a claim in a § 2255 motion but was denied relief on the claim. *Id.* at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002).

This Court determines that Gooslin' remedy under § 2255 was not an inadequate or ineffective means by which to challenge his federal detention, and that he is not entitled to relief under § 2241.

## 2. No Claim of Actual Innocence

A § 2241 petitioner may avail himself of the savings clause of § 2255 if he

7

asserts a claim of "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). "Actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). To establish "actual innocence," the movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

As discussed, Gooslin's failure to raise his various Fifth Amendment claims in his § 2255 motion does not render that remedy inadequate and ineffective for challenging his federal detention. Further, the Trial Court concluded that no Sixth Amendment violations had occurred during Gooslin's trial and the Fourth Circuit affirmed that determination. This Court can not grant relief under § 2241 simply because Gooslin was unsuccessful on his Sixth Amendment claim in his § 2255 motion. Finally, Gooslin cites no retroactively applicable Supreme Court decision which would afford him relief. Therefore, the savings clause of § 2255 does not apply; Gooslin's § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Michael Sepanek, Warden of FCI-Ashland, is **SUBSTITUTED** as the Respondent to this proceeding in place of J.C. Holland, and the Clerk of the Court shall modify the CM/ECF cover sheet to designate Sepanek as the Respondent;

(2)     Petitioner James Gooslin's 28 U.S.C. § 2241 petition for writ of habeas corpus, [D. E. No. 1], is **DENIED**;

(3)     This action is **DISMISSED**, *sua sponte*, from the docket; and

(4)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Michael Sepanek.

This 10th day of April, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge